

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2009

# Lafayette Brown v. David Martin, Jr.

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3946

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Lafayette Brown v. David Martin, Jr." (2009). *2009 Decisions.* Paper 1508.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1508

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-136** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3946

LAFAYETTE BROWN,
                                                    Appellant

v.

DAVID C. MARTIN, Jr.

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:08-cv-01120)
District Judge: Honorable Terrence F. McVerry

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 19, 2009

Before: BARRY, AMBRO and SMITH, <u>Circuit Judges</u>

(Opinion filed April 21, 2009)

OPINION

PER CURIAM

        Appellant Lafayette Brown appeals from a District Court order dismissing his

complaint pursuant to 28 U.S.C. § 1915(e).  Because Brown's appeal does not present a

substantial question, we will summarily affirm the judgment of the District Court.  <u>See</u> 3d

Cir. L.A.R. 27.4; I.O.P. 10.6.

Brown, proceeding <u>pro</u> <u>se</u>, initiated a civil rights action against Appellee David C. Martin. Brown apparently suffered multiple serious injuries as a result of an accident that took place in 1977, while he was employed by the City of Pittsburgh. Although his allegations are unclear, Brown appears to argue that Martin, an attorney who represented him in a workers' compensation matter in 1995, violated Brown's civil rights by accepting bribes and by wrongfully retaining a portion of Brown's monthly workers' compensation check.

The District Court referred the matter to a Magistrate Judge, who granted Brown permission to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. The Magistrate Judge also filed a Report and Recommendation recommending that Brown's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Magistrate Judge stated that she was unable to identify any basis for federal jurisdiction.

Brown objected to the Report and Recommendation.[1] On September 15, 2008, after conducting a <u>de</u> <u>novo</u> review, the District Court adopted the Magistrate Judge's Report and Recommendation and dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Brown filed a timely appeal.

We exercise plenary review over the District Court's dismissal under § 1915(e)(2)(B). <u>See</u> <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000). Upon

---

[1] Although Brown filed his objections in a related action, the District Court considered the objections as if they were also addressed to this action.

review, we conclude that the District Court properly dismissed Brown's complaint.

The only arguable federal claim presented by Brown's complaint would arise under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Brown failed to successfully raise a § 1983 claim.

At most, it appears that Brown's allegations would support state law causes of action. See, e.g., Baker v. McCollan, 443 U.S. 137, 146 (1979) (tort claims must be pursued in state courts under traditional state law principles, not under § 1983). Although Brown cites to the First and Fourteenth Amendments, Brown fails to set forth any facts supporting a constitutional deprivation. Further, Brown does not allege that Martin is a state actor, see Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005), and the fact that Martin acted as Brown's legal counsel does not render Martin a "person acting under color of state law" for purposes of § 1983. See Polk v. County of Dodson, 454 U.S. 312, 325 (1981) (an attorney does not act under color of state law when performing his function as counsel). Thus, Brown failed to state a claim on which relief may be granted, and the District Court properly dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Brown's appeal does not present a substantial question. We will therefore summarily affirm the judgment of the District Court. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.